[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On April 20, 1995, the plaintiff, U.S. International Assoc., filed a single count complaint against the defendant, Helmut Steiner. In this action, the plaintiff sought to foreclose a judgment lien that had been placed against property owned by Steiner in Westport, Connecticut.
The sheriff's return states that on April 13, 1995, abode service was made on Steiner at 249 Greens Farms Road, Westport, Connecticut. Steiner filed a pro se appearance on April 25, 1995. On May 23, 1995, attorney Noah Eisenhandler filed an appearance in lieu of Steiner's appearance.
On June 15, 1995, Steiner, through his attorney, filed a motion to dismiss the complaint on the ground that the service of process was insufficient. A memorandum in support accompanied the motion to dismiss. On June 21, 1995, the plaintiff filed a memorandum in opposition to the motion.
"A defendant may contest the personal jurisdiction of the court `even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance.'" Brunswick v. Inland Wetlands Commission,222 Conn. 541, 551, 610 A.2d 1260 (1992), quoting Practice Book § 142. "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in [Rules of Practice] Secs. 112 and 113 and within the time provided by Sec. 142." Practice Book § 144. CT Page 7915
In this case, the first appearance was filed by the defendant on April 25, 1995. The Practice Book does not provide for a second opportunity to file a motion to dismiss when a second appearance is filed. If defendants were allowed to file additional appearances to start a new thirty day period for filing a motion to dismiss, this loophole would eliminate the mandatory nature of Practice Book §§ 142 and 144.[1]
The motion to dismiss was not filed in a timely manner, therefore, the motion to dismiss is denied.
Dated at Bridgeport, Connecticut, this 28th day of July, 1995.
RICHARD J. TOBIN, JUDGE